GRANDVIEW RACEWAY, INC., ET AL., APPELLANTS, *v.* OHIO STATE RACING COMM., APPELLEE.

(No. 8188—Decided May 3, 1966.)

*Messrs. George, Greek, King & McMahon* and *Mr. Kiehner, Johnson,* for appellants.

*Mr. William B. Saxbe,* attorney general, and *Mr. Larry G. Brake,* for appellee.

DUFFEY, J. This is an appeal from a judgment of the Common Pleas Court of Franklin County upholding amended regulations of the Ohio State Racing Commission. The case originated as an appeal from the adoption of the regulations pursuant to Section 119.11, Revised Code.

Rule 119 deals with photographic or other recording of races. After its amendment and while the appeal in this court was pending, the controlling statute was amended by the General Assembly. The rule conflicts with the newly adopted statute. Accordingly, we find it unlawful in its present form.

Rule 121.1 concerns a steward or judge. With the amendment italicized, the rule now reads as follows:

"Rule 121.1. (Effective 3-19-65) Compensation for state

steward and state judge. Where pari-mutuel wagering is permitted for ten or more days in any meeting, one of the three stewards, or three judges at harness race meetings, shall be appointed by the Ohio State Racing Commission. Such steward or judge shall be known as the State Steward or State Judge and is the presiding steward or presiding judge of the meeting for which he is appointed, whose qualifications shall be determined by the Commission. *The compensation for such steward shall be a minimum of one hundred dollars per day, and for such judge a minimum of seventy-five dollars per day for each racing day such steward or judge attends, and for each day prior to the beginning of such meeting, not to exceed three days, when the attendance of such steward or judge is required and approved by the Commission. Such compensation shall be charged to and collected weekly, by the Commission, for deposit in the Ohio General Revenue Fund from the holder of the permit at whose racing track said steward or judge serves. Such steward or judge shall be paid in the same manner as are other employees of the Commission.*"

The commission contends that the amended portion is an exercise of the regulatory powers granted it by Section 3769.03, Revised Code. That section provides, in part, as follows:

"The state racing commission shall prescribe the rules, regulations, and conditions under which horse racing may be conducted, * * *."

In our opinion, rule 121.1 as amended is a usurpation of legal power. It is not that this court has any deep concern for the racing industry or its earning capacity. It is rather that this rule is an illegal exaction of money from private interests to support an illegal increase in the agency's staff, and to provide an illegal addition to the agency's budget beyond that appropriated by the General Assembly. It is apparent that if the Racing Commission can use its regulatory authority to accomplish those results, then any regulatory agency can do this to any private citizen within its sphere of activity.

The fact that stewards and judges are needed cannot be contested, nor that it would be entirely proper to establish qualifications for those positions. The regulatory purpose, if any, of the provision for commission selection of the person is rather denuded by the failure to adopt specific qualifica-

tions. However, regardless of that aspect, the amended portion of the rule purports to authorize the appointment of such a person as an *employee* of the agency. It seems to have been conceded in argument that no such position is established in either the classified or unclassified service of the state. Certainly we have not been furnished with any references.

The very fact that the Attorney General relies upon the policing powers granted by Section 3769.03, Revised Code, is a concession that there is a lack of statutory authority to impose a fee or charge of this nature for revenue purposes. The statutes authorize several fees but nothing such as this. Obviously, the agency has no power to levy a tax or to otherwise raise revenue for its operations through the exercise of its regulatory authority.

The rule also provides that the commission will collect the money and pay it into the "Ohio General Revenue Fund." All public funds are paid into the office of the State Treasurer and paid out on the voucher of the State Auditor. We have not been furnished with the references showing the authority to accept such funds. If the funds were accepted, then clearly the Auditor could not authorize their expenditure without an appropriation. We have not been furnished with references to show that authority. See the General Appropriations Act, Amended Substitute House Bill No. 200, at page 28.

The commission may require the presence of stewards and judges, set a reasonable minimum number, establish reasonable qualifications, and set the minimum compensation, if that is shown to be reasonably necessary to insure qualified persons.

The commission cannot add to its table of organization, hire employees for nonexistent positions, charge and collect money from private interests, pay unauthorized funds into the treasury, or obtain such funds without an appropriation. If it wishes to reach regulatory objectives in those ways, it will have to first obtain appropriate authority from the General Assembly.

The judgment of the Common Pleas Court will be, and hereby is, reversed.

*Judgment reversed.*

DUFFY, J. (Presiding), and TROOP, J., concur.